IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

v.  4:06-CR-00147-02-WRW

**LEON NASH**

## ORDER

Pending is Defendant's *pro se* Motion to Reduce Sentence (Doc. No. 70). Defendant requests a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on the retroactive application of the crack cocaine penalty reduction adopted by the United States Sentencing Commission, effective March 3, 2008.

Defendant's original guideline range, which, incidentally, was calculated using post-crack cocaine amendment sentencing guidelines, was 130-162 months. However, Defendant was sentenced to a statutory maximum sentence of 60 months. Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible for a reduction. Defendant is ineligible for two reasons: (1) he is serving a sentence determined by statute rather than the sentencing guidelines, and, therefore, the crack cocaine amendment has no impact on his sentence; and (2) Defendant's guideline range was calculated using the amended drug quantity table, U.S.S.C. § 2D1.1, and he would not be eligible for an additional reduction if he had, in fact, been sentenced based on the applicable guideline range.

## CONCLUSION

Because Defendant's sentence is unaffected by the retroactive crack cocaine amendment to § 2D1.1, the Motion to Reduce Sentence (Doc. No. 70) is DENIED.

IT IS SO ORDERED this 28th day of April, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

1